IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SPIELER, by his guardian <u>ad litem</u>, ALISON J. SPIELER,<br><br>    Plaintiff,<br><br>    v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant.<br>_____/ | No. C 98-0951 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND OR, ALTERNATIVELY, FOR RELIEF FROM THE COURT'S MAY 1, 2007 ORDER |

Defendant Mt. Diablo Unified School District moves pursuant to Federal Rules of Civil Procedure 52(b), 59(e) and 60(b) for amendment of the Court's findings and May 1, 2007 order; alternatively, it moves, under Local Civil Rule 7-11, for amendment of the Court's order. Plaintiff Jason Spieler opposes the motion. The matter is scheduled to be heard on June 21, 2007. Having considered all of the papers filed by the parties, the Court denies Defendant's motion: Defendant is not entitled, under any of these Rules, to the relief it seeks.

BACKGROUND

In 2000, the parties entered into a consent decree that resolved a class action, alleging a denial of Plaintiff's and other class members' right to full and equal access to Defendant's facilities and programs. As part of the consent decree, Defendant fixed its playboxes to make them minimally accessible to mobility-disabled children. Defendant replaced the surface of some playboxes with a rubberized surface; it purportedly replaced the surface of other playgrounds with engineered wood fiber (EWF).[1]

In 2005, the parties disputed whether the district had satisfied its obligation under the consent decree concerning the playboxes. After meeting with a magistrate judge, the parties entered into a settlement agreement to "resolve whether the use of EWF satisfies the requirements of the Consent Decree." This agreement required Defendant to pay a neutral observer to obverse the condition of the EWF in its playboxes during the 2005-2006 school year. Although the observer was to make her observations taking into consideration the Americans with Disabilities Act and ASTM standards, the observer did not determine whether there were violations of the ADA, ASTM or the consent decree; she merely provided her observations to the parties. If the parties were unable to resolve their disagreements after meeting and conferring,

---

[1] According to Defendant the playboxes which do not contain a rubberized surface are filled with two brands of EWF: Fibar and Sierra Organics, both of which are certified as complaint with the American Society for Testing and Material (ASTM) standards for accessability of playbox surfacing. In Plaintiff's April 6, 2007 letter, however, his counsel alleged that they have good faith reason to believe that the district uses a mix of wood chip products from varying manufacturers, not including Fibar.

2

they would bring their dispute to the Court.

On March 2, 2007, pursuant to the settlement agreement, the parties filed letters with the Court concerning whether Defendant had satisfied its obligations with regard to the maintenance of the EWF and/or woodchips in the playboxes. Plaintiff argued that Defendant did not and moved for enforcement of the consent decree. Defendant argued that it had satisfied its obligations and that its maintenance of the EWF was satisfactory and sufficient. The observations showed steady improvement by Defendant, but there were still instances at the end of the school year where the surfacing in the playboxes exceeded the recommended slope.

On May 1, 2007, the Court signed Plaintiff's proposed order granting his motion for enforcement of the consent decree. The order stated that "with respect to the use of wood chip surfacing of the playboxes and as maintained by defendants, defendants have violated the terms of the Consent Decree." The parties were ordered to meet and confer to attempt to agree upon a remedy. If the parties could not agree, they were ordered to submit proposed remedial orders and, if necessary, the Court would schedule a hearing on the matter.

On May 16, 2007, Defendant filed a motion for amendment of the Court's findings and judgment pursuant to Federal Rules of Civil Procedure 52(b), 59(e) and 60(b); alternatively, it moved for amendment of the Court's May 1, order under Local Civil Rule 7-11.

On June 6, 2007, Plaintiff filed his proposed remedial order and a supporting brief. Five days later, Defendant filed a letter

3

brief in support of its proposed remedial order and in opposition to Plaintiff's proposed remedial order.

## DISCUSSION

Defendant states that the basis of its motion is that (1) the term "wood chip surfacing" in the May 1, 2007 order is ambiguous; (2) the Court did not make any specific findings as to how Defendant failed to comply with the requirements of the consent decree; (3) it cannot meaningfully meet and confer with Plaintiff pursuant to the order without clarification; and (4) the Court did not rule on Defendant's objections.  Plaintiff argues that Defendant's motion is untimely and does not meet any of the requirements for relief under the Federal or Local Rules.

I.  Rule 52(b)

Rule 52(b) of the Federal Rules of Civil Procedure provides, "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its finding or make additional findings and may amend the judgment accordingly."

Defendant's motion to alter or amend the Court's order is not properly brought under this Rule.  The Court's May 1, 2007 order is not an "entry of judgment."  Defendant objects to the Court's failure to make specific findings of fact.  Rule 52(a) provides that findings of fact are unnecessary on decisions on motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this Rule, which concerns judgment on partial findings.  The Court's order was not akin to an evidentiary trial or hearing, as Defendant contends.  Specific findings were not necessary in the Court's May 1, 2007 order.

4

II. Rule 59(e)

Rule 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). Again, the Court's May 1, 2007 was not a judgment; thus, Defendant's motion to alter or amend the Court's order is also not properly brought under this Rule.

Further, Rule 59(e) motions are interpreted as motions for reconsideration and are appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) does not allow parties to revisit previously traveled legal terrain. Demasse v. ITT Corp., 915 F. Supp. 1040, 1048 (D. Ariz. 1995) (noting a motion seeking reconsideration under Rule 59(e) "may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment").

Defendant contends that the Court made a factual error by referring to "wood chip surfacing," not EWF. Whether the playboxes' surfacing consisted of EWF, wood chips or a combination of both is disputed. Nonetheless, the Court's reference to the material in the playboxes as "wood chip surfacing" is not "clear error." Nor did the Court commit clear error by not ruling on Defendant's objections. The Court did not consider any improper or inadmissible evidence. The Court's order was not manifestly unjust.

5

III.  Rule 60

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides for reconsideration where one or more of the following is shown: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief."  Fed. R. Civ. P. 60(b).

The Court's May 1, 2007 order was not a "final order" and, therefore, relief under this section is also not available.  Even if it was a final order, no circumstances exist here warranting relief.  As the Ninth Circuit has explained, "mere disagreement with the Court's interpretation of the evidence and its opinions" does not warrant reconsideration under Rule 60(b).  <u>United States v. Comprehensive Drug Testing, Inc.</u>, 473 F.3d 915, 958 (9th Cir. 2006).

IV.  Local Civil Rule 7-11(a)

Defendant contends that, if the Court finds that Rules 52, 59 and 60 are not applicable here, the Court should clarify its order and findings pursuant to Local Rule 7-11(a).  But, as Plaintiff notes, Defendant's motion does not comply with Rule 7-11(a)'s requirement that motions brought pursuant to Rule 7-11(a) be accompanied by either a stipulation or declaration that explains why a stipulation could not be obtained.  Further, motions to

6

exceed otherwise applicable page limitations or motions to file documents under seal, for example, are brought under Rule 7-11, not motions seeking amendment or clarification

Defendant should have brought its motion pursuant to Rule 7-9, which sets out the appropriate standard applied to motions for reconsideration of the Court's order.  Even if Defendant had brought a motion under Rule 7-9, however, such motion would be denied as Defendant failed to seek leave and failed to show:

> (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; or (2) an "emergence of new material facts or change of law occurring after the time of such order"; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Civil L.R. 7-9(b).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion (Docket No. 128).  The Court, however, does not vacate the hearing date.  The parties are to appear as scheduled on June 21, 2007. Pursuant to the Court's May 1, 2007 order, an appropriate remedy will be discussed.

IT IS SO ORDERED.

Dated:  6/20/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SPIELER, ET AL,

        Plaintiff,

v.

MT. DIABLO UNIFIED, ET AL et al,

        Defendant.

Case Number: CV98-00951 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Alan Wedner
Gregory J. Rolen
Lozano Smith
2000 Crown Canyon Place
Suite 200
San Ramon, CA 94583-1344

Lisa Margaret Burger
Disabilty Rights Advocates
2001 Center St, 3rd Floor
Berkeley, CA 94704-1204

Mark Andrew Chavez
Maxwell Singer Peltz M
Chavez & Gertler LLP
42 Miller Ave.
Mill Valley, CA 94941

Dated: June 20, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk